IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ASHA J.,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:24-cv-627**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

***MEMORANDUM OPINION & ORDER***

This matter comes before the Court on Asha J.'s[1] ("Plaintiff") Objections to the Report and Recommendation ("R & R") of the Magistrate Judge dated December 3, 2026. ECF No. 20 ("Pl.'s Obj."). For the reasons set forth below, the Magistrate Judge's R & R is **ADOPTED**, and Plaintiff's Objections are **OVERRULED**. Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's R & R, dated November 19, 2025. ECF No. 19 ("R & R"). On September 14, 2020, Plaintiff filed for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434. R. at 17.[2] Plaintiff alleged disability beginning on August 12, 2018, based on myopathy; ankylosis, arthrofibrosis, and atrophy of the left ankle; fibromyalgia; and postural orthostatic tachycardia syndrome ("POTS"). R. at 231-235. The State agency denied

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, given significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.
[2] Page citations are to the administrative record the Commissioner filed with the Court.

Plaintiff's claims initially on June 7, 2021, and on reconsideration on October 6, 2021. R. at 113-17, 119-23. Plaintiff then requested an administrative hearing, which was held on April 25, 2023, via video conference. R. at 129-30, 45-85. At the hearing, Plaintiff was represented by counsel. R. at 46. Additionally, her mother and an impartial vocational expert testified. R. at 75-78, 79-83. The ALJ denied Plaintiff's benefits on August 30, 2023, finding that Plaintiff had not been disabled since the date of her application. R. at 17-30. The ALJ determined that Plaintiff had residual functional capacity ("RFC") to perform sedentary work and that there were a significant number of jobs in the national economy that could accommodate her limitations. R. at 23-30. Thus, Plaintiff was not disabled under the SSA and not eligible for DIB. R. at 30. On September 3, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final agency decision. R. at 1-6.

On October 23, 2024, Plaintiff filed her complaint. ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that she was not entitled to DIB for lack of disability, claiming that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and contrary to law and regulation." *Id.* ¶ 8. On March 7, 2025, Plaintiff filed a Motion for Summary Judgment and accompanying memorandum in support, contending that the ALJ did not properly evaluate the opinion of her physician, Dr. Kamel.[3] ECF Nos. 10-11. Specifically, she claims that the ALJ's determination that Dr. Kamel's evaluation was "more extreme than her treatment history supports" is unfounded. ECF No. 11 at 5-6. Plaintiff argues that the ALJ did not explain how Dr. Kamel's opinion was inconsistent with her medical record. *Id.* at 8. The Commissioner opposed Plaintiff's motion, arguing that the ALJ considered the entire record and "properly explained why she found Dr. Kamel's one-page, multiple choice form opinion to be

[3] Plaintiff refers to Dr. Kamel as "Dr. Kormel," which is a spelling error, as the record's medical opinions reference Dr. Nancy Kamel.

unpersuasive." ECF No. 13 at 23. On April 20, 2025, Plaintiff replied and reiterated that there is no "logical bridge" between the evidence and the ALJ's conclusions. ECF No. 16 at 2.

On November 19, 2025, the Magistrate Judge filed his R & R in which he recommended that the Court affirm the final decision of the Commissioner. R & R at 1. On December 3, 2025, Plaintiff filed the instant Objection to the R & R, again alleging that the ALJ did not consider the relevant factors of supportability and consistency when evaluating Dr. Kamel's opinion. *See* Pl.'s Obj. On December 10, 2025, the Commissioner filed a Response to Plaintiff's Objections. ECF No. 21 ("Comm'r's Resp."). Accordingly, this matter is ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3) (emphasis added); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [a magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge."). Under *de novo* review, the magistrate judge's R & R "carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara*, 176 F.R.D. 207, 209-210 (E.D. Va. 1997) (citation omitted); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When conducting this "*de novo* determination," a district judge must give "fresh consideration" to the relevant portions of the magistrate judge's R & R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

However, because Plaintiff fails to properly object to the Magistrate Judge's disposition, the Court reviews the Magistrate Judge's findings for clear error rather than *de novo*. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *accord Lee v. Saul*, No. 2:18CV214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

A court reviewing a decision made under the SSA must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). Under the substantial evidence standard, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Court "must read the ALJ's decisions *as a whole*." *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (emphasis added); *see also Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (internal quotation marks and citations omitted). To properly evaluate Dr. Kamel's medical opinion, the ALJ must present evidence that supports her conclusion, which she may write anywhere in her

opinion. *See, e.g.*, *Todd A. v. Kijakazi*, No. 3:20CV594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021); *Ashley M. v. Bisignano*, No. 2:25CV00400, 2025 WL 4644398, at *8 (S.D. W. Va. Dec. 12, 2025); *Kiernan v. Astrue*, No. 3:12CV459, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013); *Rosa M. v. Kijakazi*, No. 9:22CV04494, 2023 WL 9101308, at *8 (D.S.C. Dec. 8, 2023).

## III. DISCUSSION

Plaintiff raises one objection to the Magistrate Judge's findings on the ALJ's evaluation of the medical opinions. Pl.'s Obj. at 1. Plaintiff argues that the Magistrate Judge erred in accepting the ALJ's findings because the ALJ did not properly consider Dr. Kamel's medical opinion under the applicable legal standards. *Id.* at 1-2. In response, Defendant argues that the ALJ's opinion as a whole addresses all legal requirements, and that Plaintiff's objection merely repeats the same argument the Magistrate Judge rejected on summary judgment. Comm'r's Resp. at 1-2; ECF No. 13 at 23-24.

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly considered the opinion of Dr. Kamel. Pl.'s Obj. at 1. Specifically, Plaintiff alleges that the Magistrate Judge "craft[ed] their own narrative bridge based on [the ALJ's summaries]." *Id.* Plaintiff explains that the ALJ's evaluation of supportability and consistency did not discuss how the record's evidence contributed to her conclusion. *Id.* at 2. Therefore, the Magistrate Judge was left to "interpret evidence summaries as legitimate support for a supportability and consistency analysis." *Id.* In doing so, the Magistrate Judge "highlight[ed] the conclusory nature of the ALJ's analysis." *Id.*

When considering medical opinions, the ALJ will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or any prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(c).

However, an ALJ is only required to articulate their assessment of the supportability and consistency factors for a medical source's medical opinions. *Id.* § 404.1520c(c) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. We will articulate how we considered the medical opinions and prior administrative medical findings in your claim . . . ").

Supportability refers to how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . " *Id.* § 404.1520c(c)(1). Consistency refers to how "consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim . . . " *Id.* § 404.1520c(c)(2). Therefore, although the Social Security Administration must ultimately "stat[e] the . . . reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), the ALJ only needs to state, for each medical source on the record, how supportability and consistency apply. *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596 (4th Cir. 2025).

There is no boilerplate formula for ALJ written decisions, and the ALJ need not use the words "supportability" or "consistency" if the factors are sufficiently analyzed. *Todd A.*, 2021 WL 5348668, at *4; *see also Rosa M.*, 2023 WL 9101308, at *8 (explaining that "although there is no bright line rule for articulating the consideration of [the supportability and consistency] factors, it must still be obvious from the ALJ's decision that the factors were considered")). "Rather, the ALJ must simply comply with a 'reasonable articulation standard' that enables 'a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review [the ALJ's] final decision.'" *Todd A.*, 2021 WL 5348668, at *5 (citing 82 Fed. Reg. 5844-01 at 5858).

Plaintiff's relevant visit with Dr. Kamel occurred on September 15, 2020. R. at 351. On May 4, 2022, nearly 20 months after this appointment, Dr. Kamel completed a Medical Source Statement ("MSS") for Plaintiff, which included a functional assessment of Plaintiff's work-related capabilities. R. at 906. Dr. Kamel opined that Plaintiff could only sit for 2 hours, and either stand, walk, reach, or carry for less than two hours in an 8-hour workday. R. at 906. Additionally, Plaintiff's ability to sustain concentration was severely impaired, and she required assistance to ambulate. R. at 906. The ALJ "considered the medical opinion(s) and prior administrative medical finding(s)" and found Dr. Kamel's opinion unpersuasive. R. at 23, 28. The ALJ stated that Dr. Kamel listed limitations that are "more extreme" than Plaintiff's medical history suggests and conflicted with Plaintiff's performance on other examinations. R. at 28. This Court finds that there is substantial evidence that both prior and subsequent medical examinations conflict with or directly contradict Dr. Kamel's MSS. *See, e.g.,* R. at 1016 (stating "[Plaintiff] has a walking stick but does not require [it] in order to walk."); *see also* R. at 363 (noting a "normal" physical exam with Dr. Kamel).

When analyzing a claim of disability, an ALJ must follow a "five-step sequential evaluation process" pursuant to 20 C.F.R. § 404.1520(a). The ALJ is required to address: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's listings of official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's RFC; and (5) whether the claimant can make adjustment to employment other than any past relevant work in light of the claimant's RFC, age, education, and

work experience. *Id.* The ALJ followed the five-step evaluation process in analyzing Plaintiff's disability claim. R. at 20-29.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 12, 2018, her alleged onset date. R. at 20. At step two, the ALJ found that Plaintiff had the following severe impairments: left ankle arthrofibrosis/ankylosis, postural tachycardia syndrome (POTS), small fiber neuropathy, migraine, anxiety, fibromyalgia, left plantar nerve lesion, patellar tendinitis, chronic pain syndrome, persistent depressive disorder, myopathy, and post-traumatic stress disorder (PTSD). R. at 20. At step three, the ALJ concluded that Plaintiff did not suffer from an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 20-23. In assessing Plaintiff's RFC, the ALJ found that Plaintiff's limitations included, *inter alia*, that she could not stand or walk for more than 2 hours or sit for longer than 6 hours in a normal workday. R. at 23. Plaintiff could lift up to 10 pounds occasionally and could perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a). R. at 23. At step four, the ALJ determined that Plaintiff could not perform any past relevant work. R. at 29. However, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs existing in significant numbers in the national economy, such as food and beverage order clerk, document preparer, or lens inserter. R. at 29-30. Accordingly, the ALJ concluded that Plaintiff did not qualify as disabled under the Act. R. at 30.

However, Plaintiff contends that the ALJ's evaluation "failed to provide any narrative discussion of how evidence . . . contributed to the ALJ's conclusion that Dr. [Kamel]'s opinion was unpersuasive." Pl.'s Obj. at 2. Defendant argues that the ALJ discussed Plaintiff's multiple visits with Dr. Kamel and that substantial evidence supports the ALJ discounting Dr. Kamel's final

medical opinion. ECF No. 13 at 25-26. The Magistrate Judge found that "the ALJ properly evaluated Dr. Kamel's opinions and substantial evidence supports her assessment that they were unpersuasive." R & R at 30. Plaintiff further argues that the ALJ's evidence summaries were not sufficient to "bridge the gap to [her] supportability and consistency conclusions." Pl.'s Obj. at 1. Regarding the supportability factor, Defendant responds that the ALJ thoroughly discussed Dr. Kamel's records and demonstrated how Dr. Kamel's opinion did not align with her treatment history. Comm'r's Resp. at 2. The Magistrate Judge found that the ALJ properly addressed the supportability factor, because "[o]n the nine pages preceding the discussion of Dr. Kamel's opinions, her records are thoroughly discussed in the ALJ's analysis at steps three and four." R & R at 32.

Substantial evidence supports ALJ's evaluation of Dr. Kamel's medical opinion. Though medical sources often point in different directions, the duty to resolve conflicting medical evidence lies with the ALJ. *Drumgold*, 144 F.4th at 605. The ALJ found Dr. Kamel's medical opinion unpersuasive because her reports were unsupported by Plaintiff's treatment history, performance on other examinations, imaging, and lab results on the record. R. at 28. However, the ALJ was similarly unpersuaded by State agency consultants' findings that Plaintiff was capable of "light exertion," rather than sedentary exertion. R. at 28. Nor was the ALJ persuaded by Plaintiff's chiropractor, whose letter did not contain a functional assessment. R. at 28. In contrast, the ALJ was mildly persuaded by Plaintiff's mother's testimony, because "she is a witness to the claimant's activities and functional capacity" and her testimony was "somewhat persuasive to the extent it is supported by and consistent with the objective evidence." R. at 28-29. Taking the records and testimony together, the ALJ found that Plaintiff's performance was limited to sedentary exertion, and she required a low-stress environment due to her mental condition. R. at 29.

The Court finds that the ALJ properly considered the supportability of Dr. Kamel's opinion. "To assess supportability, the ALJ must consider whether a medical source considered relevant 'objective medical evidence and [presented] supporting explanations.'" *Todd A.*, 2021 WL 5348668, at *5 (citing 20 C.F.R. §§ 404.1520c(c)(l); 416.920c(c)(l)). In her opinion, the ALJ summarized and evaluated the medical and other evidence. R. at 23-29. In evaluating Dr. Kamel's MSS, the opinion noted that "Dr. [Kamel]'s limitations are more extreme than her treatment history supports." R. at 28. Throughout her opinion, the ALJ highlighted many instances in which Plaintiff received "normal" medical evaluations from Dr. Kamel prior to her MSS. R. at 25. Additionally, the Fourth Circuit has stated that attached "check-the-box forms" (such as Dr. Kamel's MSS) without more, are not "objective medical *evidence*." *Drumgold*, 144 F.4th at 606. As such, the Court finds that the ALJ's analysis satisfies the "supportability" requirement of § 404.1520c(c).

Regarding the consistency of Dr. Kamel's MSS, Defendant argues that the ALJ cited multiple forms of evidence that contradicted Dr. Kamel's physical limitation claims. Comm'r's Resp. at 2. The Magistrate Judge similarly stated that the ALJ properly addressed the consistency factor, because "[t]he ALJ's overall conclusion, again, came after her lengthy exploration of the record and two separate conclusions that the record did not demonstrate that plaintiff required an assistive device." R & R at 33.

This Court finds that the ALJ adequately addressed the consistency factor. When addressing Dr. Kamel's statement, the ALJ noted that her opinion was inconsistent with Plaintiff's "performance on other examinations, imaging, or lab results throughout the record." R. at 28. The ALJ's opinion evaluated medical evidence and considered the opinions of State agency consultants, Dr. Andra Foster, Dr. Nancy Kamel, and Plaintiff's mother. R. at 23-29. After

establishing medical and other evidence, the ALJ concluded that the record did not support Dr. Kamel's findings. R. at 28. Medical examinations after the MSS conflict with Dr. Kamel's evaluation. For example, during a medical examination two weeks later, a doctor's report aligned more with previous reports, rather than Dr. Kamel's MSS. *See* R. 1011-1016. A November 2022 MRI result was "reassuring" to the reviewing doctor. R. at 992. In May 2023, Plaintiff was described as having a "normal but slow gait." R. at 1004. These visits are not consistent with Dr. Kamel's MSS, which the ALJ properly noted in her opinion.

The ALJ also stated that "[t]he claimant's stated need for an assistive device, specifically, is shown to be unnecessary for her to ambulate on several occasions during the *relevant period*." R. at 28 (emphasis added). Support for this finding is highlighted in the visit notes from May 18, 2022, in which the doctor noted that Plaintiff could walk without the assistance of a cane. R. at 1016. The ALJ noted this visit in her opinion. R. at 27. It was not until nearly a year later that a doctor recommended a rollator to help support Plaintiff while walking. R. at 100. For the foregoing reasons, the Court finds that the ALJ satisfied the "consistency" requirement of § 404.1520c(c).

The Court finds that these purported errors are unfounded and offered in an attempt to relitigate arguments raised on summary judgment, which the Magistrate Judge already addressed in his R & R. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. *Veney*, 539 F. Supp. 2d at 846. ALJ's opinion on Dr. Kamel's MSS was supported by substantial evidence and adequately weighed the supportability and consistency factors as required by regulation. *See Drumgold*, 144 F.4th at 606-609 (finding that the ALJ properly weighed supportability and consistency factors when evaluating check-the-box forms from a health provider). Therefore, the Court finds that the Magistrate Judge did not err in concluding that the ALJ properly evaluated the

consistency of Dr. Kamel's opinions. R & R at 35. Accordingly, the Final Decision of the Commissioner is affirmed.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objections. Therefore, the Court **OVERRULES** Plaintiff's Objection, ECF No. 20, to the Magistrate Judge's R & R. Furthermore, the Court has reviewed the remainder of the R & R along with the record of this case and finds no clear error. For these reasons, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on November 19, 2025. R & R. Accordingly, Plaintiff's motion for summary judgment, ECF No. 10, is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Acting Commissioner. This case is **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 23, 2026

Raymond A. Jackson
United States District Judge